# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ZACHAURY CAPRIOTTI, | : | **CIVIL NO.: 4:21-CV-00308** |
| | : | |
| Plaintiff, | : | |
| | : | (Magistrate Judge Schwab) |
| v. | : | |
| | : | |
| | : | |
| MARK SIDOWSKI, *et al.*, | : | |
| | : | |
| Defendants. | : | |

# ORDER
February 17, 2022

Having reviewed the defendants' motion for judgment on the pleadings and brief in support of that motion, and noting that although the motion is based on facts gleaned from attachments to the defendants' answer,[1] the defendants have not shown that the court can consider those documents for the purposes set forth by the

---

[1] As the defendants note, the standard for reviewing a motion for judgment on pleadings is the same as that for a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *See doc. 30* at 4. "In deciding a motion for judgment on the pleadings, a court may only consider the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Hassel v. Centric Bank*, No. 1:19-CV-02081, 2021 WL 84281, at *2 (M.D. Pa. Jan. 11, 2021) (citations and internal quotation marks omitted).

defendants,[2] **IT IS ORDERED** that the defendants' motion for judgment on the pleading (*doc. 29*) is **DENIED** without prejudice to the defendants raising their

---

[2] The documents attached to the defendants' answer are: (1) a police criminal complaint, including an affidavit of probable cause; (2) an opinion from the Court of Common Pleas of Sullivan County denying Capriotti's post-sentence motion; and (3) a form entitled "Conditions Governing Parole/Reparole" signed by Capriotti in 2013. *See docs. 22-1*, *22-2*, *22-3*.  The defendants have not shown that we can consider these documents without converting their motion into a motion for summary judgment, which for the reasons noted below, *see note 3*, we will not do.

At this stage of the proceedings, the court may consider documents that are public records, of which the court may take judicial notice.  "While some courts have taken judicial notice of police reports and criminal complaints in resolving a motion to dismiss, others have declined to do so." *Rankin v. Majikes*, No. 3:CV-14-699, 2014 WL 6893693, at *7 (M.D. Pa. Dec. 5, 2014) (citations omitted); *see also Hadesty v. Rush Twp. Police Dep't*, No. CV 3:14-2319, 2016 WL 1039063, at *4 (M.D. Pa. Mar. 15, 2016) (concluding that while a criminal complaint and police incident investigation report may be available to the public, they are not the types of public documents that the court may consider in connection with a motion to dismiss); *Morozin v. Johnson*, No. CIV.A. 11-2653, 2011 WL 5837146, at *3 (E.D. Pa. Nov. 18, 2011) (refusing to consider numerous documents, including a police criminal complaint and an affidavit of probable, in connection with a motion to dismiss counterclaims).  Moreover, "even if judicial notice is taken of these documents, 'a court may take notice of such documents only to establish their existence and legal effect, or to determine what statements they contained . . .  not for the truth of the matters asserted.'" *Rankin*, 2014 WL 6893693, at *7 (quoting *Fine v. ESPN, Inc.,* 11 F.Supp.3d 209, 223 (N.D.N.Y. 2014) (citations, internal quotation marks, and italics omitted)); *see also Brown v. Evans*, No. 1:21-CV-651-SB, 2021 WL 4973630, at *3 (D. Del. Oct. 25, 2021) (refusing to take judicial notice of a police report to establish the facts stated in that report).  Here, the defendants improperly cite the police reports for the truth of the matters asserted therein.  Similarly, although we can take judicial notice of the fact of the opinion of the Court of Common Pleas, we cannot take judicial notice of the facts cited in that opinion for their truth. *See S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping*

contentions in a properly supported and formatted motion for summary judgment after discovery is complete.[3]   Given that we are denying the defendants' motion for

---

*Grp. Ltd.*, 181 F.3d 410, 426 (3d Cir. 1999) (concluding that "on a motion to dismiss, we may take judicial notice of another court's opinion—not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity").   As to the third document regarding the conditions of parole, the defendants' have made no attempt to show that that document is a public record of which we can take judicial notice.

At the pleading stage, the court may also consider an exhibit submitted by the defendants if that exhibit is "'undisputedly authentic'" and the plaintiff's claims are based on that document. *Grp. Against Smog & Pollution, Inc. v. Shenango Inc.*, 810 F.3d 116, 127 (3d Cir. 2016) (quoting *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).   Here, the defendants have not attempted to make that showing as to the documents that they attached to their answer.

[3] In sum, we cannot consider the documents on which the defendants rely in connection with their motion for judgment on the pleadings without converting the motion into a motion for summary judgment.   Federal Rule of Civil Procedure 12(d) provides that "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56" and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." "The decision of whether to convert a motion is left to the sound discretion of the district court[.]" *Hassel*, 2021 WL 84281, at *3.

Here, we will not convert the motion for judgment on the pleadings into a motion for summary judgment.   Converting such a motion in a prisoner case generally has the effect of needlessly delaying and complicating the case because most prisoners proceed *pro se* and the court must notify the *pro se* prisoner not only about the fact that it is converting the motion but also about the effect of such conversion. *See Renchenski v. Williams*, 622 F.3d 315, 340 (3d Cir. 2010) (requiring that when a 12(b)(6) motion to dismiss is converted to a summary judgment motion in a *pro se* prisoner case, the prisoner must receive adequate notice of the

judgment on the pleadings, **IT IS FURTHER ORDERED** that the defendants' motion (*doc. 31*) to stay discovery pending a decision on that motion is **DENIED AS MOOT**.

> *S/Susan E. Schwab*
> Susan E. Schwab
> United States Magistrate Judge

---

conversion, which "includes providing a prisoner-plaintiff with a paper copy of the conversion Order, as well as a copy of Rule 56 and a short summary explaining its import that highlights the utility of a Rule [56(d)] affidavit").  Further, the defendants have not framed their arguments as summary judgment arguments.   And they have not complied with Local Rule 56.1.  Thus, unless we order the parties to comply with that rule, the court will not benefit from the sharpening of the factual disputes that is envisioned by that rule.   Moreover, conversion is particularly inappropriate in this case because it appears that Capriotti has not had the opportunity for discovery given that the defendants are seeking to stay their obligation to respond to Capriotti's discovery until after the court decides their motion for judgment on the pleadings. *See E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.,* 637 F.3d 435, 448 (4th Cir. 2011) (stating that converting a motion to dismiss into a motion for summary judgment "is not appropriate where the parties have not had an opportunity for reasonable discovery").
   This Order should not be read as intimating any opinion about whether the documents submitted by the defendants would be admissible in later stages of the proceedings, including at the summary judgment stage.